**Donald E. Bradley, Calif. SBN. 145037**
dbradley@crowell.com
Crowell & Moring LLP
Three Park Plaza, 20th Floor
Irvine, CA 92614
Telephone: (949) 263-8400
Facsimile: (949) 263-8414
        Attorneys for Defendant Trans Union LLC
        *Admitted pro hac vice (10/25/04)*

**Jennifer Bouman, OSBN No. 00028**
jbouman@bullardlaw.com
Bullard Smith Jernstedt Wilson
1000 S.W. Broadway, Suite 1900
Portland, Oregon 97205
Telephone:  (503) 248-1134
Facsimile:  (503) 224-8851
        Attorneys for Defendant Trans Union LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **SAMI ROTHERY**, | **CASE NO. CV-04-312-ST** |
| Plaintiffs, | **SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY ADJUDICATION OF INDIVIDUAL CLAIMS** |
| vs. | |
| **EQUIFAX CREDIT INFORMATION SERVICES, INC.**, a foreign corporation; **TRANS UNION, LLC,** a foreign limited liability company; **EXPERIAN INFORMATION SOLUTIONS, INC.**, a foreign corporation, | By Defendant Trans Union LLC |
| | [Fed. R. Civ. Proc. 56] |
| Defendants. | Action Filed:        03/03/2004 |

///

///

## STATEMENT OF UNDISPUTED FACTS

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. Trans Union LLC is a national credit reporting agency that provides consumer credit reports to subscribers who use the information to make credit-related decisions. | Nicodemus Decl. at ¶2. |
| 2. Trans Union is one of three national credit reporting agencies along with Equifax Credit Information Services, Inc. ("Equifax") and Experian Information Solutions, Inc. (Experian"). | Nicodemus Decl. at ¶2. |
| 3. Trans Union collects commercial information from its subscribers and includes this information on credit reports. | Nicodemus Decl. at ¶4. |
| 4. Subscribers report credit information concerning individual consumers to Trans Union ("tradelines"). | Nicodemus Decl. at ¶4. |
| 5. When reporting this credit information, the credit grantor includes the consumer's identifying information associated with that particular tradeline. | Nicodemus Decl. at ¶4. |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 6.  Trans Union stores credit tradelines and public record information in connection with the consumer's identifying information in Trans Union's database. | Nicodemus Decl. at ¶4. |
| 7.  When a customer or subscriber of Trans Union requests a consumer's credit report, it supplies identifying information concerning that consumer to Trans Union. | Nicodemus Decl. at ¶5. |
| 8.  Trans Union inputs the consumer's identifying information into its database and all of the tradelines corresponding to that consumer's identifying information are retrieved and compiled into that consumer's credit report. | Nicodemus Decl. at ¶5. |
| 9. Some subscribers collect consumer information from all three credit reporting agencies and compile the consumer credit information into a single report called a "tri-merge" credit report.  TU has nothing to do with the preparation of a tri-merge. | Nicodemus Decl. at ¶ 3. |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 10.  In 2003, when more than one consumer's credit information corresponded to the identifying information that was input, Trans Union prepared separate consumer reports and delivered them to the subscriber. | Nicodemus Decl. at ¶6. |
| 11.  When Trans Union furnished more than one consumer report to the customer, Trans Union clearly identified the separate reports as potentially belonging to different individuals. | Nicodemus Decl. at ¶6. |
| 12.  Trans Union's policy has since been changed and Trans Union no longer delivers more than one file to a customer in response to a request for a consumer's credit report. | Nicodemus Decl. at ¶6. |
| 13. Trans Union's policy is always to investigate a consumer's non-frivolous dispute of reported information, and to correct all inaccuracies brought to its attention. | Nicodemus Decl. at ¶ 7. |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 14.  When a consumer submits a legitimate dispute to Trans Union, the dispute is logged and the disputed item and the nature of the dispute are recorded on a consumer dispute verification form ("CDV"), along with the consumer's name, address, and social security number, if available. | Nicodemus Decl. at ¶ 7. |
| 15. If a consumer disputes the appearance of private creditor information on a credit report, Trans Union transmits the CDV to the creditor with a request for verification and correction, if necessary. | Nicodemus Decl. at ¶ 8. |
| 16. After receiving private creditors' responses to CDVs, Trans Union reviews the consumer's disclosure, and makes changes or deletions, as appropriate. | Nicodemus Decl. at ¶ 9. |
| 17. Trans Union then sends an updated disclosure to the consumer advising of the results of the investigation. | Nicodemus Decl. at ¶ 10. |
| 18. On July 24, 2002, Trans Union received a telephone call from Plaintiff. | Nicodemus Decl. at ¶ 11; Bradley Decl., Exhibit I (Plaintiff's Responses to TU's Interrogatory No. 7). |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 19. Plaintiff requested her consumer disclosure and requested that Trans Union add a fraud warning to her account. | Nicodemus Decl. at ¶11. |
| 20. In response to Plaintiff's request, Trans Union updated plaintiff's telephone and address information, and added a fraud victim alert to Ms. Rothery's credit file with a four-year expiration date. | Nicodemus Decl. at ¶ 11. |
| 21. Plaintiff did not dispute any accounts with Trans Union at that time.  Trans Union mailed a copy of Plaintiff's consumer disclosure to her on the same day. | Nicodemus Decl. at ¶ 11. |
| 22. Between July 24, 2002, and March 10, 2003, Trans Union has no record of receiving any communications from plaintiff. | Nicodemus Decl. at ¶ 12; Bradley Decl., Exhibit I, (Plaintiff's Responses to TU's Interrogatory No. 7). |
| 23. On March 10, 2003, Trans Union received a dispute from plaintiff via Trans Union's website on the internet. | Nicodemus Decl. at ¶ 12; Bradley Decl., Exhibit I (Plaintiff's Responses to TU's Interrogatory No. 7). |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 24.  Plaintiff disputed the first name of "Samuel" and alias of "Samuel J. Weyer" as not hers and the address of 4400 SE Naef Rd, Apt. 28, in Portland, Oregon. . | Nicodemus Decl. at ¶12. |
| 25.  Plaintiff also disputed the ownership of four accounts she believed were appearing on her credit file.<br> - Capital One #529107137830<br> - Citifinancial    #6073723526106518<br> - U.S. Bancorp #5708379159; and<br> - Washington Mutual #54569757. | Nicodemus Decl. at ¶12. |
| 26. In response to plaintiff's dispute, on March 17, 2003, Trans Union pulled plaintiff's credit file. | Nicodemus Decl. at ¶13. |
| 27. The "AKA" Samuel Weyer was not appearing on plaintiff's credit file. | Nicodemus Decl. at ¶ 13. |
| 28. The Capital One account was also not appearing on Plaintiff's credit file. | Nicodemus Decl. at ¶ 13. |
| 29. The Citifinancial, US Bancorp, and Washington Mutual accounts were not appearing as adverse but instead showed that plaintiff was "paying as agreed." | Nicodemus Decl. at ¶ 13. |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 30. Plaintiff's March 17, 2003, disclosure also showed that there were three other adverse accounts (collection, late payment, and charge-off) appearing on her credit file.  She did not dispute these four derogatory accounts with Trans Union. | Nicodemus Decl. at ¶14. |
| 31.  Trans Union sent CDVs to Washington Mutual, Citifinancial, and U.S. Bancorp to reinvestigate the accuracy of the information being reported regarding plaintiff. | Nicodemus Decl. at ¶15. |
| 32.  On April 7, 2003, Trans Union completed its investigation.  Citifinancial and Washington Mutual did not respond to the CDV within thirty days so Trans Union deleted these accounts. | Nicodemus Decl. at ¶16. |
| 33. Trans Union deleted the U.S. Bancorp account based on the age of the account. | Nicodemus Decl. at ¶16. |
| 34 On April 7, 2003, Trans Union mailed plaintiff a copy of her consumer disclosure reflecting the results of Trans Union's investigation. | Nicodemus Decl. at ¶17. |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 35.  The updated disclosure showed the deletion of three accounts, and that plaintiff's address had also been updated pursuant to her request. | Nicodemus Decl. at ¶17. |

DATED:    December 1, 2005          CROWELL & MORING LLP


By:   s/ Donald E. Bradley
Donald E. Bradley (Calif. SB 145037)
(949) 263-8400
Attorneys for Defendant
TRANS UNION LLC

3713984 (087827.0000318)