**Donald E. Bradley, Calif. SBN. 145037**
dbradley@mpglaw.com
Musick, Peeler & Garrett LLP
Telephone: (714) 668-2400
Facsimile: (714) 668-2490
    Attorneys for Defendant Trans Union LLC
*Admitted pro hac vice (10/25/04)*

**Jennifer Bouman, OSBN No. 00028**
jbouman@bullardlaw.com
Bullard Smith Jernstedt Wilson
1000 S.W. Broadway, Suite 1900
Portland, Oregon 97205
Telephone: (503) 248-1134
Facsimile: (503) 224-8851
    Attorneys for Defendant Trans Union LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **SAMI ROTHERY**, | **CASE NO. CV-04-312-ST** |
| Plaintiffs, | **SUR-RESPONSE IN SUPPORT OF MOTION FOR PARTIAL SUMMARY ADJUDICATION OF INDIVIDUAL CLAIMS** |
| vs. | |
| **EQUIFAX CREDIT INFORMATION SERVICES, INC.**, a foreign corporation; **TRANS UNION, LLC,** a foreign limited liability company; **EXPERIAN INFORMATION SOLUTIONS, INC.**, a foreign corporation, | By Defendant Trans Union LLC |
| | [Fed. R. Civ. Proc. 56] |
| | Action Filed:    03/03/2004 |
| | Date: 02/06/2006 |
| | Time: 9:30 a.m. |
| Defendants. | Ctrm.: Hon. Janice M. Stewart |

471854.1

Page 1    SUR-RESPONSE IN SUPPORT OF MOTION FOR PARTIAL SUMMARY ADJUDICATION OF INDIVIDUAL CLAIMS

## SUR-RESPONSE

I.  **INTRODUCTION**

Pursuant to the Court's Order of February 21, 2006, Trans Union produced all available documentation regarding its files on a consumer named "Samuel Weyer" on March 14, 2006. Trans Union submits the following sur response which incorporates the information in the documents produced.

II.  **TRANS UNION'S SUPPLEMENTAL DOCUMENT PRODUCTION CONFIRMS THAT TRANS UNION MAINTAINED SEPARATE FILES ON SEPARATE CONSUMERS AND ANY IMPROPER MERGING OF CONSUMER INFORMATION WAS COMMITTED BY THIRD PARTY TRI-MERGE COMPANIES**

The documents Trans Union produced confirm that at the time of the 2002 tri-merge reports, Trans Union maintained a file on Sami Rothery that contained no inaccurate information. The documents also show that at the time Trans Union's database also contained a file for "Samuel James Weyer," that appears to have included some of the derogatory account information that appeared on the 2002 tri-merge reports. Although the Weyer file contained Plaintiff's Social Security number and an aka of "Sam A. Rothery," the Weyer file was maintained as a separate file and was never merged with Plaintiff's file.

Plaintiff has produced no evidence, and Trans Union knows of no evidence demonstrating how or why the Weyer file was created. The file could have been created as a result of identify theft by Mr. Weyer. Had he used Ms. Rothery's identifying information to open fraudulent accounts, Trans Union's database could have created a file with Weyer's name and Rothery's additional identifying information.

Had the tri-merge company employed proper procedures, it would have known that the Weyer file did not belong to Plaintiff. At a minimum, the tri-merge company could have inquired further as to the reason for the return of multiple files. However, the

471854.1

Page 2     **SUR-RESPONSE IN SUPPORT OF MOTION FOR PARTIAL SUMMARY ADJUDICATION OF INDIVIDUAL CLAIMS**

tri-merge company did neither -- it simply merged the multiple files and forwarded the resulting erroneous combination to Plaintiff's potential creditor.

Contrary to Plaintiff's contention, tri-merge companies do qualify as credit reporting agencies subject to the FCRA, and are themselves liable for having inaccurately attributed Weyer's information to Plaintiff. FCRA Section 1681a(f) defines "consumer reporting agency" as "any person which, for monetary fees, …regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties …." The tri-merge reporters plainly fall into this category. Plaintiff's assertion that the tri-mergers' failure to maintain their own databases disqualifies them as consumer reporting agencies is inaccurate. FCRA Section 1681a(u) provides that "reseller means a <u>consumer reporting agency</u> that -- (1) assembles and merges information contained in the database of another consumer reporting agency or multiple consumer reporting agencies concerning any consumer for purposes of furnishing such information to any third party … and (2) does not maintain a database of the assembled or merged information from which new consumer reports are produced." The tri-merge companies that issued Plaintiffs' reports may be "resellers," but "resellers" are "consumer reporting agencies" under FCRA Sections 1681a(u) and 1681a(f), and are subject to all FCRA obligations on consumer reporting agencies.

Accordingly, the additional information regarding Trans Union's file on Weyer confirms Trans Union's position that it never mixed inaccurate information with Plaintiff's file. As the court in <u>Crabill</u> found, Trans Union cannot be held liable for the improper merging by a third party, which itself is potentially liable for FCRA violations as an independent consumer reporting agency. Plaintiff has sued the wrong party.

471854.1

Page 3    **SUR-RESPONSE IN SUPPORT OF MOTION FOR PARTIAL SUMMARY ADJUDICATION OF INDIVIDUAL CLAIMS**

### III. CONCLUSION

As discussed above and in Trans Union's moving and reply papers and at the February 21, 2006, hearing Trans Union's motion for partial summary judgment should be granted and Plaintiff's claims to the extent they are based on alleged errors in tri-merge reports should be dismissed. Further, Trans Union's motion should be granted on the ground that Plaintiff has not shown that any damage she incurred was caused by inaccurate information on a Trans Union report, as opposed to accurate, derogatory information.

DATED:   March 28, 2006                    MUSICK, PEELER & GARRETT LLP

                                           By: _____
                                           Donald E. Bradley (Calif. SB 145037)
                                           (714) 668-2400
                                           Attorneys for Defendant
                                           TRANS UNION LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within entitled action; my business address is 650 Town Center Drive, Suite 1200, Costa Mesa, California 92626-1925.

On March 28, 2006, I served the foregoing document(s) described as **SUR-RESPONSE IN SUPPORT OF MOTION FOR PARTIAL SUMMARY ADJUDICATION OF INDIVIDUAL CLAIMS** on the interested parties in this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**See Attached List**

☒ **BY ELECTRONIC MEANS** through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed below.

☐ **BY MAIL.** I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Costa Mesa, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FEDERAL EXPRESS.** I caused such envelope to be deposited at the Federal Express office at Costa Mesa, California for guaranteed one/two day delivery with delivery charges prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for delivery by Federal Express delivery service. Under that practice, it would be deposited with the delivery service on that same day with delivery charges thereon fully prepaid at Costa Mesa, California in the ordinary course of business for delivery to the addressee.

Executed on March 28, 2006, at Costa Mesa, California.

☒ **(Federal)**   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_/s/ Karen S. Reisner_
Karen S. Reisner

471854.1

Page 5   SUR-RESPONSE IN SUPPORT OF MOTION FOR PARTIAL SUMMARY ADJUDICATION OF INDIVIDUAL CLAIMS

## SERVICE LIST

Michael Baxter/Justin Baxter
Baxter & Baxter LLP
8835 SW Canyon Lane, Suite 130
Portland, Oregon 97225
Attorneys for Plaintiff

Jeff Edelson
Markowitz Herbold Glade & Mehlhaf PC
1211 SW Fifth Avenue, Suite 3000
Portland, Oregon 97204
Attorneys for Equifax Credit

J. Patterson Reece
8316 North Lombard Street
Portland, Oregon 97203
Attorneys for Plaintiff

J. Anthony Love
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Attorneys for Equifax